IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-565-FL

| | |
|---|---|
| HERBERT CLARK, III, | ) |
| Plaintiff, | ) |
| v. | ) ORDER AND MEMORANDUM & RECOMMENDATION |
| JOHN MCHUGH, Secretary of the Army, | ) |
| Defendant. | ) |

This matter is before the court for continued review of Defendant's motion to dismiss Plaintiff's complaint [DE #14] and on Plaintiff's motion for summary judgment [DE #23]. Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1),[1] 12(b)(2), 12(b)(4) and 12(b)(5) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, and insufficient service of process. Plaintiff filed a response and subsequently filed a motion for summary judgment. On November 24, 2015, the court ordered Plaintiff to demonstrate complete and proper service [DE #25]. Plaintiff responded to this court's order on December 7, 2015 [DE #26].[2] The time for further filings has expired and the parties' motions are, therefore, ripe for adjudication. For the

---

[1] Although Defendant does not specify Federal Rule of Civil Procedure 12(b)(1) in his motion, it is apparent from the accompanying memorandum that he intends to raise the issue of subject matter jurisdiction. As a consequence, the court construes Defendant's motion to include Rule 12(b)(1) as a basis for dismissal.

[2] Although captioned as a motion, Plaintiff's filing appears to be a response to this court's November 24, 2015, order.

reasons stated below, it is recommended that Defendant's motion to dismiss be DENIED. Additionally, Defendant is ORDERED to respond to Plaintiff's motion for summary judgment by January 25, 2016.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint, *inter alia*, for lack of personal jurisdiction, insufficient process and insufficient service of process. Defendant's motion in this regard is premised on the arguments that Plaintiff has failed to effect proper service and therefore the court has not obtained personal jurisdiction over Defendant.

Because Defendant has contested service, Plaintiff bears the burden of establishing the validity of service pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See Fordham v. Doe*, 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011); *see also Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Under Rule 4, service of process is effected upon a federal officer sued in his official capacity by sending "a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). If a federal officer is sued in his individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf," service is effected by delivering a copy of the summons and a copy of the complaint to the individual personally or by leaving copies at the individual's dwelling. Fed. R. Civ. P. 4(e), 4(i)(3).

When serving process on a federal officer as specified above, a party must also serve process on the United States. To serve the United States, a party must:

2

(1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-proceedings clerk at the United States attorney's office"; and (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)-(B).

Additionally, a defendant must be "served within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). On a motion to dismiss for ineffective service, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." *Id.* "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, the record shows that Plaintiff had previously demonstrated (and Defendant does not dispute) that he served the summons and complaint on the Secretary of the Army. Because it was not clear from the record that Plaintiff had made further service as required by Rule 4, an order was entered on November 24, 2015, allowing Plaintiff additional time to effect complete and proper service. Subsequent to this court's November 24, 2015, order, Plaintiff submitted proof that he served a copy of the summons and the complaint by certified mail upon the United States Attorney General, as well as upon the civil process clerk of the United States Attorney's Office. (Mem. Supp. Mot. Demonstrating Complete and Proper

Service, Attachments [DE #27-1]). Plaintiff has not provided proof of service upon Defendant personally; however, Plaintiff does not appear to have alleged any claims against Defendant in his individual capacity. Because Defendant does not argue that the process issued in this case is deficient, and Plaintiff has demonstrated complete and proper service of his official capacity claims against Defendant, it is recommended that Defendant's motion to dismiss for lack of personal jurisdiction, insufficient process and insufficient service of process be denied as to Plaintiff's official capacity claims against Defendant. To the extent Plaintiff may have alleged any individual capacity claims against Defendant, those claims should be dismissed as Plaintiff has not demonstrated proper service of any individual capacity claims.

Also before the court is Defendant's motion to dismiss pursuant to Rule 12(b)(1). As set forth in the court's November 24, 2015, order, the Administrative Procedure Act ("APA") provides a limited waiver of sovereign immunity for certain suits seeking relief other than money damages, *see* 5 U.S.C. §§ 702, 704; *Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996), including actions for judicial review of military record corrections board decisions, *see Chappell v. Wallace*, 462 U.S. 296, 303 (1983). Plaintiff has included within his pleadings the Army Board for Corrections of Military Records' ("ABCMR") final decision denying Plaintiff's request to make certain corrections in his military records, and Plaintiff asks this court to review the ABCMR's final decision denying his request.

Defendant, through the United States Attorney, moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1). However, the government does not contend

4

that jurisdiction is lacking, but only that Plaintiff has failed to demonstrate a waiver of sovereign immunity. While this court may be without authority to order that Plaintiff be promoted, *see Adkins v. United States*, 68 F.3d 1317, 1324 (Fed. Cir. 1995), it does not appear that this court lacks jurisdiction over all of Plaintiff's claims. Accordingly, it is recommended that Defendant's motion to dismiss for lack of jurisdiction be denied.

Lastly, Plaintiff filed a motion for summary judgment on September 16, 2015, to which Defendant has not responded. Defendant is ordered to file a response by January 25, 2016.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss [DE #14] be DENIED as to any official capacity claims against Defendant and GRANTED as to any individual capacity claims against Defendant. Additionally, Defendant is ORDERED to respond to Plaintiff's motion for summary judgment [DE #23] by **January 25, 2016**.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **January 21, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive

5

further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 5th day of January 2016.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge