IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-565-FL

| | | |
|---|---|---|
| HERBERT CLARK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC K. FANNING, Secretary of the Army,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss. (DE 14). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R") (DE 28), wherein it is recommended that the court deny in part and grant in part defendant's motion. Defendant timely filed objection to the M&R (DE 30), and plaintiff did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts in part and rejects in part the M&R, grants defendant's motion, and transfers the case to the United States Court of Federal Claims.

**BACKGROUND**

Plaintiff's complaint arises from his attempts to remove certain negative information from his military records through a request to the Army Board for Correction of Military Records

---

[1] On January 25, 2016, original defendant, John M. McHugh, was terminated and replaced by his acting successor, defendant Eric K. Fanning, pursuant to Federal Rule of Civil Procedure 25(d).

("ABCMR"). Plaintiff submitted his request to ABCMR on December 14, 2012. (DE 6-25, 6). ABCMR issued a decision on October 2, 2014, wherein it reviewed plaintiff's claims, described relevant evidence, and ultimately denied plaintiff's request. (DE 6-4). Directly thereafter, on October 3, 2014, plaintiff commenced this action by filing complaint against defendant. (DE 1). Plaintiff filed amendments to his complaint on November 7, 2014. (DE 6). Subsequently, plaintiff filed notice of his separation from Army active duty on January 22, 2015.[2] (DE 10).

Plaintiff seeks review of ABCMR's final decision denying his request, and he asserts claims of negligence and intentional infliction of emotional distress as they relate to his experience with the records correction process. (DE 1; 24). Plaintiff seeks also injunctive relief granting him retroactive promotion and the Medal of Honor, as well as $250,000,000.00 in monetary relief for compensatory and punitive damages. (DE 1; 24). Plaintiff bases his claim for monetary relief, in part, upon back pay stemming from denial of promotion and separation from the Army; personal "damages and injuries," and "[p]ain and [s]uffering" caused by his experience during the records correction process; and "[f]inancial [l]iability . . . [as] the only sanction that might conceivably deter" similar conduct by defendant in the future. (DE 1-4; 24).

In response, defendant filed motion to dismiss on March 25, 2015, for lack of subject matter jurisdiction,[3] lack of personal jurisdiction, insufficient process, and insufficient service of process.

---

[2] The record does not make clear whether plaintiff was separated or discharged from the Army, nor does it make clear the specific reasons for such separation or discharge. Plaintiff characterizes the event as "fraudulent separation from the Army active duty (Reprisal)" (DE 10), while defendant describes it as alleged "wrongful discharge." (DE 30, 4 n.2).

[3] Although defendant does not cite Federal Rule of Civil Procedure 12(b)(1) in his motion to dismiss, in a text order dated March 31, 2015, this court construed defendant's argument regarding waiver of sovereign immunity as raising the issue of subject matter jurisdiction. (See DE 15, 4). The magistrate judge applies the court's reading of defendant's motion. (DE 25, 1 n.1; 28, 1 n.1) ("Although Defendant does not specify [Rule] 12(b)(1) in his motion, it is apparent from the accompanying memorandum that he intends to raise the issue of subject matter jurisdiction. As a consequence, the court construes Defendant's motion to include Rule 12(b)(1) as a basis for dismissal.").

2

(DE 14). On November 24, 2015, the magistrate judge ordered plaintiff to demonstrate complete and proper service (DE 25), which plaintiff filed on December 7, 2015. (DE 26). Plaintiff filed a response to defendant's motion to dismiss (DE 19), and subsequently filed motion for summary judgment on September 16, 2015. (DE 23).

M&R issued January 5, 2016, wherein the magistrate judge recommends that defendant's motion to dismiss be denied as to official capacity claims against defendant, and granted as to individual capacity claims against defendant. (DE 28). In addition to finding plaintiff demonstrated proper service, the M&R reasons that subject matter jurisdiction exists where the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, provides limited waiver of sovereign immunity for certain suits seeking relief other than money damages, such as plaintiff's request for judicial review of the final decision by ABCMR. Defendant filed objections to the M&R, arguing plaintiff's monetary claim for more than $10,000.00 implicates the Tucker Act, 28 U.S.C. § 1491, which mandates exclusive jurisdiction over such claims by the Court of Federal Claims. (DE 30). Plaintiff filed no response to defendant's objections.

Most recently, on March 1, 2016, defendant filed a response to plaintiff's motion for summary judgment. (DE 36). In addition, defendant filed a cross motion for summary judgment (DE 37), arguing that ABCMR's decision to deny plaintiff's records correction request was supported by substantial evidence pursuant to the APA.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review

3

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 12(b)(1) authorizes motions that challenge the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219.

Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that situation, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In making its determination, a court considers only the complaint, amendments to the complaint, and any attached documents, as well as documents attached to the motion to dismiss that are integral to the complaint and authentic. See

4

Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed. R. Civ. P. 10(c). The court is guided also by case law affirming the liberal construction to be afforded filings by pro se litigants. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

B.   Analysis[4]

Defendant argues the M&R erred in concluding the court possesses subject matter jurisdiction pursuant to the APA to hear plaintiff's official capacity claim for judicial review of the final decision by ABCMR. Instead, defendant argues, plaintiff's claim requires application of the Tucker Act, which, under certain circumstances, precludes judicial review under the APA and implicates exclusive jurisdiction of the Court of Federal Claims.

1.   Jurisdiction

"Generally, plaintiffs . . . challenging a decision of a board for the correction of military records[] have used one of two avenues to establish federal jurisdiction: the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491; and the Administrative Procedures [sic] Act, 5 U.S.C. §§ 701–706." Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996). Both statutes operate as waivers of sovereign immunity by the United States. Id.

The APA provides that "a person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. The waiver of sovereign immunity in the APA is limited to suits "seeking relief other than money damages." Id. In addition, "review under the

---

[4] Plaintiff files no objection to the M&R's recommendation regarding individual capacity claims against defendant. Having reviewed the M&R's analysis on this point, and finding no clear error, see Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200, the court adopts as its own the M&R's recommendation that defendant's motion to dismiss be granted as to plaintiff's official capacity claims against defendant, where plaintiff fails to provide proof of service upon defendant personally, and where plaintiff alleges no claims against defendant in his individual capacity.

5

APA is available only for 'final agency action for which there is no other adequate remedy in a court.'" Randall, 95 F.3d at 346 (quoting 5 U.S.C. § 704). "This limitation has been interpreted to preclude review under the APA when a plaintiff has an adequate remedy by suit under the Tucker Act." Id. (collecting cases). In other words, "to have jurisdiction over an APA claim, the court must find that (1) [the plaintiff] seeks relief other than money damages, and (2) there is no other adequate remedy in a court," including remedy pursuant to a Tucker Act claim in the Court of Federal Claims. Alford v. Mabus, No. 7:14-CV-195-D, 2015 WL 3885730, at *2 (E.D.N.C. June 23, 2015); see Bowen v. Massachusetts, 487 U.S. 879, 891 (1988); Randall, 95 F.3d at 346 ("[T]o determine whether Plaintiff's suit is cognizable under the APA, the court must . . . examine whether he has an available remedy under the Tucker Act.").

> The Tucker Act states in pertinent part:
>
> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act consists of two parts: 28 U.S.C. § 1491, and 28 U.S.C. § 1346(a)(2). Section 1346(a)(2), commonly known as the "Little Tucker Act," makes jurisdiction of the Court of Federal Claims concurrent with jurisdiction of federal district courts for civil actions or claims against the United States for $10,000.00 or less. Id.; see Randall, 95 F.3d at 346–47. If a plaintiff's claim is for more than $10,000.00, he must bring the action in the Court of Federal Claims, see United States v. Hohri, 482 U.S. 64, 67 n.1 (1987), although "[a] plaintiff can waive damages in excess of $10,000 to remain in district court." Randall, 95 F.3d at 347 n.8.

In sum, the Tucker Act vests exclusive jurisdiction in the Court of Federal Claims where 1) the action is against the United States; 2) the plaintiff seeks monetary relief in excess of $10,000.00; and 3) the action is founded upon the Constitution, a federal statute, executive regulation, or government contract. Portsmouth Redevelopment & Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983).

With regard to the source of law upon which the action is founded, the Tucker Act confers jurisdiction and waives the government's immunity to suit, but "it does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff implicates the Tucker Act only where he brings an action founded upon some source of law that "can fairly be interpreted as mandating compensation by the Federal Government," although the "source of law need not explicitly provide that the right or duty it creates is enforceable through a suit for damages." United States v. Navajo Nation, 556 U.S. 287, 290, 299 (2009) (internal quotations omitted) (requiring "money-mandating rights or duties").

Generally, the Court of Federal Claims cannot provide equitable relief. See Bowen, 487 U.S. at 905. However, where it has proper jurisdiction pursuant to section 1491(a)(1) over a suit involving both money-mandating statutes and nonmonetary claims, the Court of Federal Claims is empowered to provide "an entire remedy":

> [T]o complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records. . . . In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491(a)(2).

"The interplay between the Tucker Act and the APA is somewhat complicated and raises

7

some significant issues of federal court jurisdiction." Randall, 95 F.3d at 346. Where a claim states multiple causes of action, some of which seek "relief other than money damages," APA, 5 U.S.C. § 702, and others of which seek "liquidated or unliquidated damages" pursuant to money-mandating statutes, 28 U.S.C. § 1491(a)(1), the court looks to the "essence of [the] complaint" to determine whether the claim relies upon the Tucker Act or the APA. Randall, 95 F.3d at 347; see James v. Caldera, 159 F.3d 573, 579 (Fed. Cir. 1998) ("Our inquiry, however, does not end with the words of the complaint, however instructive they may be, for we still must look to the true nature of the action in determining the existence or not of jurisdiction." (quotations omitted)). If the Court of Federal Claims can provide an "adequate remedy," then it possesses exclusive jurisdiction over the claim, and a federal district court lacks subject matter pursuant to the APA. 5 U.S.C. § 704; 28 U.S.C. § 1491(a)(1).

The Military Pay Act, 37 U.S.C. § 204, is one such money-mandating statute that may bring a multifaceted action within the exclusive jurisdiction of the Court of Federal Claims by way of the Tucker Act. See e.g., Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006). For example, in Mitchell v. United States, 930 F.2d 893 (Fed. Cir. 1991), following an administrative board's denial of the plaintiff's request to correct certain military records, the plaintiff filed suit in federal district court under the APA and the Tucker Act, seeking back pay, reinstatement to active duty, and correction of records. Id. at 896. Upon interlocutory appeal, the Court of Federal Claims ruled that, pursuant to section 1491(a)(2), it had explicit statutory authority to provide "an entire remedy" addressing all of the plaintiff's claims. Id. ("[W]hether [the plaintiff] characterizes his complaint as a claim for 'money damages' or 'specific relief,' his type of case has traditionally invoked Claims Court jurisdiction. Moreover the Claims Court can provide [the plaintiff] a complete remedy. . . .

8

Therefore, APA Section 704 directs the district court case to the Claims Court.").

Similarly, in Alford, after the plaintiff sought and was denied changes in his military records, he brought suit seeking back pay; $1,000,000.00 in monetary damages for negligence; and injunctive relief, including promotion and correction of records. 2015 WL 3885730, at *1, *3. This court found that, under the Tucker Act, the plaintiff had an adequate remedy in the Court of Federal Claims where that court, "in appropriate military back pay cases, [can] 'provide an entire remedy,' including 'restoration to office or position . . . and correction of applicable records.'" Id. at *3 (quoting 28 U.S.C. § 1491(a)(2)). Accordingly, this court dismissed the plaintiff's action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Id.

   2.   Plaintiff's Claim

In evaluating defendant's argument that subject matter jurisdiction under the APA is lacking, the court considers first the nature of plaintiff's claim, and second, whether adequate remedy is possible outside this court. See Bowen, 487 U.S. at 891; Randall, 95 F.3d at 346. In performing both inquiries, the court looks to the "essence of [the] complaint," Randall, 95 F.3d at 347; see James, 159 F.3d at 579, and construes liberally plaintiff's pleadings as a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Following review of plaintiff's pleadings, the court completes each inquiry in turn.

Plaintiff's complaint, amendments to complaint, and 44 attachments and exhibits, construed liberally, reveal a number of different claims that may be categorized into three groups: claims in tort, claims for injunctive relief, and claims for monetary relief. Plaintiff's tort claims relate to his experience with the records correction process. Attached to plaintiff's complaint is a memorandum labeled "Notice of claims," wherein plaintiff identifies 45 Army officers whom he alleges acted

9

negligently under various articles of the Uniform Code of Military Justice, and whom he alleges intentionally inflicted emotional distress upon him during the records correction process. (DE 1-4 ¶ 2).

Plaintiff's claims for injunctive relief stem from his request that the court review and overturn ABCMR's final decision denying correction of plaintiff's military records. In particular, plaintiff's complaint requests injunctive relief in the forms of removal of certain negative information from his military records, "[retroactive] promotion advancement to the rank/grade of O-3 Captain," and bestowal of "a Medal of Honor for heroism and personal acts of valor . . . in the war against toxic leadership." (DE 1 ¶ 1).

Plaintiff's request for $250,000,000.00 in monetary relief derives from claims for compensatory and punitive damages. With regard to compensatory damages, plaintiff claims his personal injuries total approximately $98,000,000.00, and that the sum is necessary to "cover[ ] only damages and injuries caused by the incident[s]" surrounding his request for correction of his military records. (DE 1-4). In addition, plaintiff seeks to recover back pay and lost earnings. Plaintiff repeatedly asserts this claim in numerous filings, although he neither specifies the exact amount he claims to be due, nor the manner in which it should be calculated.[5] (DE 1, 1-4, 6-2, 6-16, 24). Plaintiff alleges also that punitive damages are necessary to deter similar conduct by defendant in the future. (DE 24).

---

[5] Defendant suggests that if plaintiff "was retroactively promoted and paid for the time he was marked AWOL. . . . the pay at issue is $18,876. This, of course, if only a small part of the relief he seeks." (DE 30, 9 n.3).

10

The nature of plaintiff's claim resembles those in Mitchell and Alford, in that it consists of multiple causes of action, some of which implicate the APA, and others of which trigger application of the Tucker Act. See Mitchell, 930 F.2d at 896; Alford, 2015 WL 3885730, at *3. As in Alford, plaintiff's filings here "are not a model of clarity," and plaintiff's "characterization of his claim for monetary damages as sounding in negligence does not bind this court" in its determination of jurisdiction. Alford, 2015 WL 3885730, at *1, *2 n.1; see Reaves v. Hagel, No. 5:12-CV-795-FL, 2013 WL 5674981, at *7 (E.D.N.C. Oct. 17, 2013).

Although plaintiff does not cite the Military Pay Act in his pleadings, he nonetheless seeks $250,000,000.00 in monetary relief, including "liquidated or unliquidated damages" pursuant to some money-mandating statute. (DE 1-4). Plaintiff varies his statement of claims throughout different filings, but he is consistent in his requests for recovery of back pay and lost earnings. (See DE 1, 1-4, 6-2, 6-16, 24). Where 37 U.S.C. § 204 is the only money-mandating statute that could provide the basis for the relief plaintiff seeks, the court construes plaintiff's claim for back pay as premised upon 37 U.S.C. § 204. See Lopez-Velazquez v. United States, 85 Fed. Cl. 114, 136 n.24 (2008); Martinez v. United States, 333 F.3d 1295, 1315 (Fed. Cir. 2003).

Plaintiff states a number of other claims, such as claims for negligence and records correction, but the essence of plaintiff's claim and requested relief is money damages due to loss of pay and lost earnings. See Mitchell, 930 F.2d at 896. Similar to the plaintiff in Mitchell, plaintiff here finds fault with defendant's alleged conduct because it deprived plaintiff of promotion and a concomitant increase in pay. See id.; (DE 6-2, 2). Plaintiff alleges defendant caused him to suffer emotional and financial damages during this time, and based upon his tally of the officers involved, at least $98,000,000.00 is necessary to remedy those injuries. (DE 1-4 ¶ 2). Accordingly, where

11

plaintiff's claim relies upon a money-mandating statute within the Military Pay Act, and where the essence of his complaint is one for monetary damages, the court finds that it lacks subject matter jurisdiction pursuant to the APA. See 5 U.S.C. § 702 (permitting review by federal district courts only of actions "seeking relief other than money damages").[6]

The court's subject matter jurisdiction under the APA fails also where adequate remedy for plaintiff's claim exists in another court. See 5 U.S.C. § 704; Bowen, 487 U.S. at 891. Pursuant to the Tucker Act, the Court of Federal Claims may provide an "entire remedy" to plaintiff's claims for records correction, retroactive promotion, and monetary relief. See 28 U.S.C. § 1491(a)(1), (2) (authorizing relief in the form of "liquidated or unliquidated damages," as well as "orders directing restoration to office . . . [and] correction of applicable records."); see also Metz, 466 F.3d at 998 (transferring to the Court of Federal Claims a complaint seeking back pay, reinstatement to active duty, and correction of records); Alford, 2015 WL 3885730, at *3 (dismissing from federal district court a complaint seeking the same relief). The potential remedy available to plaintiff at the Court of Federal Claims particularly is appropriate where this court lacks authority to order the Secretary of the Army to promote plaintiff to his requested rank. See Randall, 95 F.3d at 348; Adkins v. United States, 68 F.3d 1317, 1324 (Fed. Cir. 1995). Accordingly, where the Court of Federal Claims may provide "adequate remedy" for plaintiff's claim pursuant to the Tucker Act, this court finds it lacks subject matter jurisdiction under the APA. See 5 U.S.C. § 704 (permitting judicial review by

---

[6] Nor does the court find that it has jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Cf. Hairston v. United States, 99 Fed. Cl. 695, 697–99 (2011) (dismissing for lack of subject matter jurisdiction an action found to arise under the FTCA, where the plaintiff's claim for damages derived exclusively from constitutional torts, implicated no money-mandating statute, and contained no request for correction of records); Bowling v. United States, 93 Fed. Cl. 551, 557, 560 (2010) (dismissing for lack of subject matter jurisdiction an action found to arise under the FTCA, where the plaintiff's claim for personal injuries resulting from alleged negligence sounded exclusively in tort, implicated no money-mandating statute, and contained no request for correction of records).

12

federal district courts only of "final agency action for which there is no other adequate remedy in a court").

The M&R discusses only briefly defendant's argument to dismiss plaintiff's complaint for lack of subject matter jurisdiction,[7] reasoning that defendant's argument on the point fails where the APA provides a limited waiver of sovereign immunity for actions seeking judicial review of military record corrections board decisions. The M&R draws upon two cases for support, Randall and Chappell v. Wallace, 462 U.S. 296 (1983), both of which involved plaintiffs seeking nonmonetary, equitable relief. For example, the plaintiff in Randall "ha[d] no present claim for back pay because he [was] still serving in the Army without a loss of his position or pay." 95 F.3d at 347–48. The court in Randall noted in dicta that its analysis would be different where a service member brought a valid claim for back pay after discharge or separation from the service. Id. at 347, 347 n.10; see Hoffler v. Hagel, No. 2:14-CV-63-D, 2015 WL 4740692, at *4 (E.D.N.C. Aug. 10, 2015). Randall, therefore, is inapposite where plaintiff here alleges fraudulent separation from the Army and claims substantial money damages in the form of back pay. Chappell, which the M&R cites for the proposition that military administrative board decisions are subject to judicial review, 462 U.S. at 303, has limited effect upon jurisdiction, where plaintiff here asserts a number of different claims, only one of which involves judicial review of the ABCMR's final decision; and where, in contrast to this court, the Court of Federal Claims has statutory authority to provide an "entire remedy" addressing all of plaintiff's claims related to his request for monetary relief. See 28 U.S.C. § 1491(a)(1), (2).

---

[7] Defendant explained his argument regarding dismissal for lack of subject matter jurisdiction only after M&R issued, thereby denying the magistrate judge any specific points to consider. (DE 30). Accordingly, the magistrate judge was able to address only hypothetical arguments he considered defendant might make in support of the jurisdiction issue. (DE 28, 1 n.1, 4–5).

13

Taken together, the monetary nature of plaintiff's claims, and the potential for adequate remedy in another court, each provide an independent basis for destroying subject matter jurisdiction under the APA. See 5 U.S.C. §§ 702, 704; Alford, 2015 WL 3885730, at *2 ("[J]urisdiction over an APA claim . . . [requires] that (1) [the plaintiff] seeks relief other than money damages, and (2) there is no other adequate remedy in a court."). Instead, plaintiff's complaint implicates exclusive jurisdiction of the Court of Federal Claims pursuant to the Tucker Act. See 28 U.S.C. § 1491(a)(1), (2).

3. Transfer

If a district court finds that it is without jurisdiction over a case before it, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quotations omitted). A plaintiff's erroneous filing in the wrong court is "just the type of good faith mistake that Congress intended 28 U.S.C. § 1631 to remedy." McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 334 (4th Cir. 2001) (quotations omitted).

Alternatively, instead of transferring a case, a district court may dismiss the case where a claim is "plainly barred" and the court "has no doubt that the Court of Claims would summarily grant the government's motion to dismiss." Reaves, 2013 WL 5674981, at *3 (quotations omitted). In making its determination, a court need not pass upon the viability of a plaintiff's claims; it is sufficient for purposes of transfer and jurisdiction that "[t]he Claims Court offers a full and adequate remedy even if [the plaintiff] does not qualify to receive that remedy." Mitchell, 930 F.2d at 897

14

("[T]he question posed by APA Section 704 is whether the Claims Court offers adequate remedies, not whether [the plaintiff] will be entitled to receive those remedies.").

Plaintiff's claims against defendant are not plainly barred, and transfer is in the interest of justice. It is undisputed that plaintiff's claims are within the applicable six-year statute of limitations, where plaintiff alleges he began in December 2012 the records correction process that forms the basis for his various claims. See 28 U.S.C. § 2501; Young v. United States, 529 F.3d 1380, 1383 (Fed. Cir. 2008). Thus far, defendant raises no substantive bases for dismissal of plaintiff's claims, instead relying solely on grounds related to jurisdiction and service of process. (See DE 14, 15, 22, 30). Furthermore, this court finds above, and defendant concedes, that plaintiff's claim for alleged back pay possesses a valid statutory basis in the Military Pay Act, 37 U.S.C. § 204. (See DE 30) ("Indeed, should [plaintiff's] records be corrected . . . he would be entitled to back pay under the Military Pay Act."). Defendant suggests also that even a conservative estimate of plaintiff's alleged back pay would exceed the $10,000.00 minimum required for exclusive jurisdiction by the Court of Federal Claims under the Tucker Act. (DE 30, 9 n.3). Finally, considering plaintiff's pro se status, transfer to the Court of Federal Claims would be in the interest of justice. See Reaves, 2013 WL 5674981, at *9; McCook Metals LLC, 249 F.3d at 334.

Accordingly, the court transfers this case instead of dismissing it; and all remaining motions, including plaintiff's motion for summary judgment, are transferred where this court lacks subject matter jurisdiction to rule upon them. See Mitchell, 930 F.2d at 897 (ordering district court to grant motion to transfer to the Court of Federal Claims pursuant to 28 U.S.C. § 1631); see also Crooks v. McKellar, 884 F.2d 1387 (4th Cir. 1989) (per curiam) (transferring appeal and pending motions in the interest of justice pursuant to 28 U.S.C. § 1631).

15

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court adopts in part and rejects in part the recommendation of the magistrate judge as set forth herein. Defendant's motion to dismiss for lack of subject matter jurisdiction (DE 14) is GRANTED; however, for the foregoing reasons, and in the interest of justice, this case, in which there are remaining cross motions for summary judgment (DE 23, 37) , is TRANSFERRED to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. The clerk is DIRECTED to send a certified copy of this order together with the case file to the Clerk of Court for the Court of Federal Claims.

SO ORDERED, this the 3rd day of March, 2016.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge