IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-565-FL

| | |
|---|---|
| HERBERT CLARK, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     ORDER |
| | ) |
| PATRICK J. MURPHY, | ) |
| Acting Secretary of the Army,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion to amend complaint (DE 50), and the parties' cross motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (DE 23, 37). The motions have been briefed fully. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court grants the motion to amend and, as a result, vacates its March 3, 2016, order transferring the case to the United States Court of Federal Claims. In addition, the court denies plaintiff's motion for summary judgment, and grants defendant's motion for summary judgment.

**STATEMENT OF THE CASE**

On October 3, 2014, plaintiff filed a complaint asserting several claims for monetary and injunctive relief against defendant, arising from defendant's decision on plaintiff's request for

---

[1] On January 25, 2016, original defendant John M. McHugh, was terminated as a party, and replaced by Eric K. Fanning. Subsequently, on April 18, 2016, Fanning was terminated as a party, and he was replaced by current defendant Patrick J. Murphy. Defendants' substitution of named parties was made in accordance with Federal Rule of Civil Procedure 25(d).

retroactive promotion and removal of unfavorable information from military records, heard before the Army Board for Correction of Military Records ("ABCMR," or the "Board"). Plaintiff filed an amended complaint on November 7, 2014.

On March 25, 2015, defendant moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, and insufficient service of process. Upon consideration of that motion, United States Magistrate Judge Kimberly A. Swank directed plaintiff to cure defects in the pleading by demonstrating proper service. Plaintiff subsequently made filings in an effort to demonstrate proper service.

In the meantime, on September 16, 2015, plaintiff filed the instant motion for summary judgment. In support of his motion for summary judgment, plaintiff relies upon the following documents: the Board's decision regarding plaintiff's request for correction of records (DE 6-4); certain correspondence to and from the Board (DE 6-2, 6-3 6-25); certain records related to plaintiff's employment with the Army (DE 6-5, 6-11 to 6-12, 6-14 to 6-21, 6-24); and copies of various statutes and regulations (DE 6-6 to 6-10, and 6-22 to 6-23).

On January 5, 2016, upon consideration of plaintiff's motion for summary judgment and renewed consideration of defendant's motion to dismiss, the magistrate judge entered a memorandum and recommendation ("M&R"), recommending that defendant's motion to dismiss be denied as to official capacity claims against defendant, and granted as to individual capacity claims against defendant. The M&R determined that personal and subject matter jurisdiction were proper against defendant in his official capacity under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, which provides limited waiver of sovereign immunity for certain suits seeking relief other than money damages, such as plaintiff's request for judicial review of the final

decision by the Board. The magistrate judge directed defendant to respond to plaintiff's motion for summary judgment.

Plaintiff filed objections to the M&R, and defendant filed a response to plaintiff's motion for summary judgment, as well as the instant cross-motion for summary judgment on March 1, 2016. In its response and cross-motion, defendant argues that the Board's decision to deny plaintiff's records correction request was supported by substantial evidence pursuant to the APA. In support of his motion, defendant attaches an appendix comprising the administrative record of plaintiff's proceedings before the Board, as well as Army regulation and manual excerpts. (DE 40-42).

On March 3, 2016, the court adopted in part and rejected in part the M&R, granting defendant's motion to dismiss, and finding lack of subject matter jurisdiction where plaintiff requested monetary and injunctive relief. The court ordered the case to be transferred to the Court of Federal Claims, following a period of time allotted for the parties to file objections to transfer, pursuant to 28 U.S.C. § 1292(d)(4)(B).

After the court's entry of that order, plaintiff filed an opposition to defendant's motion for summary judgment. In addition, plaintiff filed the instant motion to amend with objections to the transfer order. On March 31, 2016, the court stayed its transfer order pending consideration of the motion to amend, which has been briefed fully.

**STATEMENT OF UNDISPUTED FACTS**

Plaintiff enlisted in the Army in August 2002. (DE 40 at 15).[2] Plaintiff was promoted to the rank and grade of specialist SPC/E-4 in May 2004. (Id.). Plaintiff applied to the Board for correction of his military record on December 14, 2012, including a request to have his records show promotion to sergeant (SGT/E-5) through sergeant first class (SFC/E-7), and to have "removal of all unfavorable information in [his] office personnel file." (Id. at 212, 220; see id. at 10, 40).

As part of its review, the Board obtained an advisory opinion (hereinafter "Advisory Opinion") from the Army Human Resources Command (HRC), issued April 2, 2013. (Id. at 58). Plaintiff submitted an additional application to the board on November 4, 2013. (Id. at 38). In October and November 2013, the Board returned plaintiff's applications because of ongoing Inspector General (IG) investigations, directing plaintiff that such remedies must be exhausted prior to further consideration by the board. (Id.). Following conclusion of the IG investigation, plaintiff resubmitted on July 24, 2014, his application for correction of his military record, reiterating his requested relief (hereinafter "plaintiff's application"). (Id. at 38-40).

On October 2, 2014, the Board issued a decision regarding plaintiff's application for correction of his military record (hereinafter the "decision" or the "Board's decision"). In its decision, the Board summarized plaintiff's application and supporting documents provided, including plaintiff's requested actions, his statements, and evidence submitted. (Id. at 10-15). The Board also summarized plaintiff's military personnel records, the Advisory Opinion, and applicable

---

[2] Unless otherwise specified, citations to page numbers for docket entries (DE) in the record are to the page of the document specified in the court's CM/ECF system, and not to other page numbers appearing in the underlying documentation. For example, in this instance, the CM/ECF system denotes page number 15 of 355, whereas the underlying documentation provides, variously, page numbers as "6"; "000009"; and "Def. Appendix 12."

regulations. (Id. at 15-21). In discussing the evidence and evaluating plaintiff's request for relief, the Board made determinations, including the following:

1. The applicant contends his records should be corrected to show he was promoted to SGT/E-5 on 1 February 2011, SSG/E-6 on 1 October 2011, and SFC/E-7 on a date to be determined, based on military/civilian education waivers and due to injustice. In addition, [he contends] all unfavorable information should be removed from his military records . . . .

2. Although he tries to justify or excuse his behavior, the applicant acknowledges he received NJP [non-judicial punishment][3] and that he was reduced to grade E-3 shortly before his unit deployed to Afghanistan in January 2010. In addition, the evidence of record shows he was previously reduced to grade E-3 on 2 November 2009. . . .

3. Records show his most recent promotion was to SPC/E-4, effective 1 July 2010.

4. The evidence of record shows he had lost time (i.e., was in an AWOL [Absent Without Leave][3] and DFR [Dropped from the Rolls][3] status) from 18 November 2010 through 30 January 2011 and that a Flag [commander's report to suspend favorable personnel actions][4] was imposed during this period. . . .

5. The evidence of record shows the two most recent Flags imposed against the applicant were both closed on 30 April 2012. However, there is no evidence of record that shows the applicant was recommended by his commander for promotion to grade E-5 during the more than 2 years of time that has elapsed since the two Flags were lifted. Thus, it is reasonable to conclude the applicant did not demonstrate the potential for promotion to the next higher grade during this period and, therefore, he is not entitled to promotion.

6. The applicant provides no evidence in support of his contentions that NCOs and officers in his chain of supervision/command did not follow Army regulations, failed to act on a request for medical attention, conspired against him, were deceitful and hostile toward him, harassed and improperly treated him, subjected him to belittling and derogatory comments, displayed unfair treatment, and deprived him of his rights and privileges. In addition, he

---

[3] See DE 40 at 11.

[4] See DE 40 at 11, 18, 21.

>       provides no evidence that any of his allegations were substantiated by the
>       various offices/agencies that investigated his claims.
>
> 7.    Therefore, based on the evidence of record, and as a result of the
>       aforementioned conclusions, there is no basis to grant the requested relief.

(Id. at 21-22). The Board thus voted unanimously to deny plaintiff's application. (Id. at 23). As noted above, plaintiff commenced this action the next day, on October 3, 2014.

Plaintiff was honorably discharged from the military, effective January 10, 2015, with the reason for discharge noted as "DISABILITY, SEVERANCE PAY, COMBAT ZONE (ENHANCED)." (DE 41 at 211). He was credited with 12 years, 4 months, and 26 days of service, and the discharge form noted multiple awards received during his term of service, including a Purple Heart award. (Id.).

## COURT'S DISCUSSION

A.    Motion to Amend

Plaintiff seeks leave to amend his complaint to waive all monetary and injunctive relief previously sought in his complaint, and to advance his arguments in support of vacating and remanding the Board's decision under the APA. Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's waiver of all claims for monetary and injunctive relief reconciles his remaining claim with the jurisdiction of this court, pursuant to the APA. See 5 U.S.C. §§ 701–06. Accordingly, the court grants plaintiff's motion for leave to amend and considers plaintiff's

6

Case 5:14-cv-00565-FL   Document 55   Filed 06/02/16   Page 6 of 16

remaining claim under the APA for review of the Board's decision on the basis of arguments raised in the amended complaint and subsequent briefing. In light of plaintiff's amendment narrowing the scope of his claims, the court vacates its March 3, 2016, order (DE 44), adopts the M&R (DE 28), and denies defendant's motion to dismiss for lack of subject matter jurisdiction (DE 14). The court addresses the arguments and documentation raised by plaintiff in challenging the Board's decision, as well as defendant's response thereto, in the discussion of the merits of plaintiff's APA claim below.

B.   APA Claim

    1.   Standard of Review

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit, and "genuine" only if there is sufficient evidence to find for the non-moving party).

Under the APA, a "district court's review of the ABCMR's decision is quite limited." Randall v. United States, 95 F.3d 339, 348 (4th Cir. 1996). "[S]uch decisions can be set aside only 'if they are arbitrary, capricious, or not based on substantial evidence.'" Id. (quoting Chappell v. Wallace, 462 U.S. 296, 303 (1983)). "The function of the court is not to reweigh the evidence presented to the ABCMR." Id. (quoting Robbins v. United States, 29 Fed. Cl. 717, 725 (1993)). "Rather, the court is charged with determining 'whether the conclusion being reviewed is supported

7

by substantial evidence.'" Id. (quoting Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir.1983)).

"Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Jennings v. Merit Sys. Prot. Bd., 59 F.3d 159, 160 (Fed. Cir. 1995). In reviewing for substantial evidence, the court is not to "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951); cf. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (stating that under a "substantial evidence" standard, the court must not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's).

In addition, "review of agency action is typically limited to the administrative record that was available to the agency at the time of its decision." Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)).

2. Analysis

Plaintiff challenges the decision of the Board on various grounds articulated in his briefs regarding summary judgment and amendment of the complaint. These grounds may be grouped for analytical purposes into three categories. First, plaintiff contends that the Board erred in determining that the record properly supported imposition of demotion and prevention of promotion during a time period in 2009 and 2010. Second, plaintiff suggests that the Board erred in examining a period of "lost time" for being AWOL from November 18, 2010, to January 30, 2011. Third, plaintiff suggests that the Board erred in determining that plaintiff was not entitled to promotion. The court will address these issues in turn.

### a. Demotion

The Board determined that plaintiff was demoted in November 2009 to grade E-3, and that plaintiff was not promoted to SPC/E-4 until August 16, 2012, with an effective date of July 1, 2010. In particular, the Board made the following findings regarding the November 2009 demotion:

> [T]he evidence of record shows he was previously reduced to grade E-3 on 2 November 2009.
>
> a. There is no evidence of record that shows the commander who imposed the punishment, a successor-in-command, or a superior authority set aside any of the punishment imposed upon the applicant under the NJP [Non Judicial Punishment].
>
> b. The evidence of record shows the Army regulation that governs the filing of documents in the OMPF [Official Military Personnel File] provides that UCMJ [Uniform Code of Military Justice], Artile 15, or supporting documents will <u>not</u> be filed in the OMPF for E-4 and below . . . .
>
> c. Thus the evidence of record does not support the HRC advisory official's rationale [in the Advisory Opinion] that the applicant's grade should have been restored to grade E-4, with an effective date of 21 January 2008, based upon the fact that there is no record of NJP in the applicant's OMPF.

(DE 40 at 21-22) (emphasis in original).

Plaintiff contends that his demoted status to grade E-3 was in error because there was no evidence of any misconduct supporting the demotion, and because a personnel flag was closed favorably in March 2010. Contrary to plaintiff's argument, substantial evidence supports the Board's determination regarding plaintiff's demotion and status in grade E-3. On November 11, 2009, a Judge Advocate denied plaintiff's appeal regarding a "reduction to E-3," including imposition of "extra duty for 14 days; [and] restriction to the limits of company area, dining/medical facility and place of worship for 14 days." (DE 41 at 122).

Plaintiff contends, nonetheless, that a commander "set aside" the punishment imposed upon plaintiff and removed a personnel flag in March 2010. Plaintiff cites to a "Report to Suspend

9

Favorable Personnel Actions (FLAG)" "DA Form 268," which states that "a flag is removed, effective 20100329 for the following reason: Case closed favorably," signed by Mr. Adam Runion, CPT, BN ADJ on March 30, 2010. (DE 6-5) (hereinafter the "March 2010 flag report").

Plaintiff's citation to the March 2010 flag report is unavailing. As an initial matter, the March 2010 flag report does not provide any information as to what "case" was closed favorably by the report. (DE 6-5). In addition, even presuming the March 2010 flag report relates to the November 2009 appeal denial, the March 2010 flag report does not state anything about the punishment that was imposed, including the "extra duty for 14 days." (DE 41 at 122). In fact, separate correspondence in the administrative record states that plaintiff "served 14 days extra duty." (DE 41 at 5). Thus, substantial evidence supports the Board's determination that plaintiff properly was subjected to non-judicial punishment in 2009, resulting in demotion and disciplinary action.

Furthermore, under Army personnel policies, imposition of a flag is proper solely on the basis of "an investigation (formal or informal) . . . initiated on a soldier by military or civilian authorities." (DE 42 at 9). As such, closing the flag does not render the initial imposition of the flag or punishment imposed improper. (See id. at 10).

In sum, the March 2010 flag report does not conflict with the Board's determination that plaintiff was reduced to grade E-3 in November 2009, which determination was supported by substantial evidence. Therefore, plaintiff's claim of error with respect to the reduction to grade E-3 is without merit.

10

b. "Lost Time"

The Board determined that plaintiff was subjected to a period of "lost time" in 2010 and 2011. In particular, the Board found:

> 4. The evidence of record shows he had lost time (i.e. was in an AWOL and DFR [Dropped from the Rolls] status) from 18 November 2010 through 30 January 2011 and that a Flag was imposed during this period.
>
> a. This period of lost time is recorded in both his OMPF and military pay records. There is no available evidence of record that shows this information is incorrect or that the period of lost time was found to be invalid. As such the applicant was in a non-promotable status (at a minimum) during the period of lost time.

(DE 40 at 22). The Board's examination of the issue of "lost time" thus includes multiple findings. As set forth below, some of these findings are supported by the record and one is not.

As an initial matter, substantial evidence supports the Board's determination that plaintiff "had lost time (i.e., was in an AWOL and DFR status) from 18 November 2010 through 30 January 2011." (DE 40 at 22). In particular, a "Statement of Service - For Computation of Length of Service for Pay Purposes" "Form 1506," signed by Ms. Chaniqua Boyd, SFC, BDE SR CC, on February 9, 2011, states that plaintiff had 73 days of "Time Lost" between November 18, 2010, to January 30, 2011, due to being "AWOL." (DE 41 at 202) (hereinafter the "February 2011 Form 1506").

Substantial evidence also supports the Board's determination that a personnel flag was imposed starting on November 18, 2010, due to AWOL status, and that plaintiff was in a "non-promotable status (at a minimum) during the period of lost time." (DE 40 at 22). A "Personnel Action Form" "Form 4187," signed by Mr. Shannon L. McEvoy, CPT, FA, CMD, states that plaintiff's duty status was changed from present for duty to AWOL on November 18, 2010. (DE 41 at 223). The record also contains multiple detailed statements regarding charges against plaintiff for being AWOL during the time period between November 18, 2010, and January 30, 2011. (e.g.,

11

DE 41 at 5, 76, 111, 129, 201; DE 40 at 224-228). This information is sufficient to support imposition of a flag on the basis of a misconduct investigation.

Plaintiff argues that he should not have been subject to a period of "lost time," because he was found not guilty of AWOL following a court martial trial concluding in April 2012. Trial reports in the administrative record show that plaintiff was found not guilty of charges of AWOL following court martial trial concluding in April 2012. (DE 41 at 111; DE 40 at 228). The trial reports, however, say nothing regarding the period of lost time as reported on plaintiff's February 2011, Form 1506. (See id.). The administrative determination of computation of lost time is a separate matter under Army regulations from acquittal in a court-martial proceeding. (See DE 42 at 33 (Army Regulation, Series 630, Chapter 4-4 "Classification Procedures")).

With respect to the administrative determination of lost time, one of the Board's findings is not supported by substantial evidence. In particular, the Board states that there is no evidence that "the period of lost time was found to be invalid." (DE 40 at 13). Nevertheless, soon after plaintiff's acquittal at court-martial, Mr. Jeremy E. Tillman, CDR, FA, signed a "Memorandum for Record" stating that plaintiff "was inaccurately placed on AWOL/DFR status" and that plaintiff "should be paid for the time period between 18 November 2010 to 31 January 2011." (DE 41 at 203). In addition, plaintiff's certificate of discharge from active duty provides that plaintiff was credited with 12 years, 4 months, 26 days of service, corresponding to an uninterrupted period of service from August 15, 2002, to January 10, 2015. (DE 41 at 211). These documents suggest that Army human resources personnel made an administrative decision following plaintiff's court-martial trial to credit

12

to plaintiff the time previously designated as "Time Lost" on the February 2011 Form 1506 (DE 41 at 202).[5]

Accordingly, based on these documents, the Board's statement that there is no evidence "that the period of lost time was found to be invalid" is incorrect. (DE 40 at 22). While this statement is incorrect, it is harmless error for two reasons. First, where plaintiff's certificate of discharge provides that plaintiff was credited with uninterrupted service from August 15, 2002, to January 10, 2015, and that document does not include any unfavorable information about plaintiff pertaining to his AWOL charges, there is no need to remand to the Board to reiterate what is already provided in the discharge form. Second, the Board's determination as to plaintiff's promotability is not impacted by whether plaintiff was later credited with lost time, as set forth in more detail in the next section, below.

In sum, with the exception of the finding discussed herein, the Board's findings regarding plaintiff's lost time are supported by substantial evidence. With respect to the finding that there is no evidence "the period of lost time was found to be invalid," the Board's statement is not supported, but such error is harmless.

    c.    Promotion

The Board determined that plaintiff was ineligible for promotions for two reasons: (1) because personnel flags properly were in place during certain time periods, and (2) plaintiff did not

---

[5] Plaintiff also points to an updated "Statement of Service - For Computation of Length of Service for Pay Purposes" "Form 1506," signed by Ms. Chaniqua Boyd, SFC, BDE SR CC, on May 5, 2012, which states that plaintiff was in "Regular Army" service from August 15, 2002 to "Present," without any "Time Lost" specified. (DE 51-1) (hereinafter the "May 2012 Form 1506"). The government, however, objects to consideration of the May 2012 Form 1506 because it is not in the administrative record, and the government suggests the May 2012 Form 1506 may not be authentic (DE 53 at 4-5 & n. 3). The court need not determine whether it is proper to consider the May 2012 Form 1506, however, in light of the additional evidence discussed in the text.

13

demonstrate the potential for promotion. (See DE 40 at 12-13). Substantial evidence supports both determinations.

The Board identified flags initiated on the following dates, which served to prevent plaintiff from being promoted:

1.  October 14, 2009 (DE 40 at 8).

2.  June 30, 2010 (Id.)

3.  March 2, 2011 (Id.)

The Board determined that one flag closed on March 29, 2010, and the two latter flags closed April 30, 2012. (Id.).

As set forth in section B.2.a., above, substantial evidence supported the Board's determination that the October 14, 2009, flag properly was placed. Substantial evidence also supports the Board's determination that the June 30, 2010, flag properly was imposed. This flag was imposed because plaintiff was charged with "failure to report to a gun line during a fire mission in Afghanistan," (DE 41 at 129; see DE 41 at 77; DE 40 at 165), a charge that was subject to the court-martial proceedings concluding in April 2012. (DE 41 at 112). Finally, as set forth above, substantial evidence supported the Board's determination that a personnel flag was in place on the basis of AWOL charges, (e.g., DE 41 at 5, 76, 111, 129, 201; DE 40 at 224-228), which were tried at court-martial proceedings concluding April 2012. (DE 41 at 111).

Plaintiff suggests that he was improperly charged with misconduct underlying the flags, and that in any event the acquittal of charges at court-martial renders the latter two flags improper. As noted above, however, a flag may be placed solely on the basis of "an investigation (formal or informal) . . . initiated on a soldier by military or civilian authorities." (DE 42 at 9). As such,

14

acquittal of charges underlying a flag does not render the imposition of the flag improper; rather, it results in removal of the flag. (Id. at 10). An active flag prevents promotion of soldiers (grade E-4 to E-8), among other personnel actions. (Id. at 11, 42; see DE 40 at 21).

In sum, substantial evidence supported the Board's determination on the basis of the record that plaintiff was prevented from promotion due to the imposition of flags.

In addition, substantial evidence supported the Board's determination that plaintiff did not demonstrate the potential for promotion to grade E-5 during the time that elapsed since the flags were lifted. On November 29, 2012, Mr. Gary Cull, SGT, counseled plaintiff "I am not recommending you for the promotion board this month . . . ." (DE 41 at 70). On December 11, 2012, Mr. Dustin Ewing, SSG, counseled plaintiff "at this time I am not recommending you for the promotion board for E-5/SGT." (DE 41 at 69).

Plaintiff contends he demonstrated potential for promotion to grade E-5 because his commander recommended retroactive promotion following acquittal at court martial, citing a memorandum, dated August 2012, by Mr. Robert D. Morschauser, COL, FA. (DE 40 at 288). This memorandum, however, is a request for administrative records correction to enable plaintiff to be promoted. (Id.). In a subsequent memorandum, dated November 9, 2012, Ms. Tamara J. Gregory, SGM, USA, Chief, Enlisted Promotions, returned the request on the basis that plaintiff "has never attended a promotion board." (Id. at 286). On February 5, 2013, plaintiff reportedly appeared before a promotion board "unprepared" and "had not been able to answer hardly any of the questions during board." (Id. at 170). One member of the board "felt that [plaintiff] purposefully didn't do his best by not answering some of the most basic questions that any Soldier should know." (Id. at 171). Plaintiff "was just not ready or not willing to do what it took for him to get promoted." (Id.).

15

In sum, substantial evidence supports the Board's determination that plaintiff did not demonstrate the potential for promotion to the next higher grade.

**CONCLUSION**

Based on the foregoing, the court GRANTS plaintiff's motion to amend (DE 50). In light of plaintiff's amendment of his claim, the court VACATES its March 3, 2016, order (DE 44); ADOPTS the M&R (DE 28); and DENIES defendant's motion to dismiss for lack of subject matter jurisdiction (DE 14). The court DENIES plaintiff's motion for summary judgment (DE 23), GRANTS defendant's motion for summary judgment (DE 37), and UPHOLDS defendant's decision denying plaintiff's request for correction of military records. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge